**IN THE UNITED STATES DISTRICT**
**FOR THE WESTERN DISTRICT OF MISSOURI**

| | |
|---|---|
| **CHARLES KIPER, and** | |
| **LENA POWELL,** | Case No.: |
| **Plaintiffs,** | **JURY TRIAL DEMANDED** |
| **v.** | |
| **ONE WAY CLEANING COMPANY, INC.,** | |
| **Serve Registered Agent:**<br>**Manuel A. Giron**<br>**13010 2nd Street**<br>**Grandview, Missouri 64030** | |
| **and** | |
| **CITY WIDE MAINTENANCE CO., INC.,** | |
| **Serve Registered Agent:**<br>**Rick Oddo**<br>**2407 Southwest Blvd.**<br>**Kansas City, Missouri 64108** | |
| **Defendants.** | |

## COMPLAINT

Plaintiffs, Charles Kiper and Lena Powell ("Plaintiffs"), on behalf of themselves and as putative representatives of a Class of persons similarly situated, for their Complaint against Defendants One Way Cleaning Co., Inc. ("One Way") and City Wide Maintenance Co., Inc. ("City Wide") (hereinafter jointly referred to as "Defendants"), hereby state and allege as follows:

## PARTIES

1.       Plaintiff Charles Kiper is over age 18 and an adult resident of Jackson County, Missouri. Plaintiff was formerly employed by Defendants in Jackson County, Missouri. Plaintiff Kiper's Consent to Join Form is attached hereto as **Exhibit 1**.

2.      Plaintiff Lena Powell is over age 18 and an adult resident of Jackson County, Missouri. Plaintiff is currently employed by Defendants in Jackson County, Missouri. Plaintiff Powell's Consent to Join Form is also attached hereto as **Exhibit 1**.

3.      Defendant One Way Cleaning Company, Inc. ("One Way") is a Missouri registered corporation, No. 00507005, with its principal office at 13010 2nd Street, Grandview, Missouri 64030. Defendant One Way employs individuals to perform cleaning services and related tasks at various locations in the Kansas City, Missouri area.

4.      One Way can be served through its registered agent Manuel A. ("Tony") Giron, at 13010 2nd Street, Grandview, Missouri 64030.

5.      Defendant City Wide Maintenance Co., Inc. ("City Wide") is a Missouri registered corporation, No. 00115766, with a principal place of business in Kansas. Defendant City Wide contracts with different cleaning companies, such as Defendant One Way, to perform cleaning services at various locations in Missouri, and elsewhere.

6.      City Wide can be served through its registered agent Rick Oddo, at 2407 Southwest Blvd. Kansas City, Missouri 64108.

## JURISDICTION AND VENUE

7.      The FLSA authorizes court actions by private parties to recover damages for violation of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims is based upon 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8.      This Court has jurisdiction over each of the Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367 because the state claims against both Defendants are so related to the FLSA claim that they form part of the same case or controversy.

9.     Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this jurisdiction.

## ALLEGATIONS OF FACT

10.     This lawsuit is brought as a collective action under the Fair Labor Standards Act and as a class action under Missouri state law to recover unpaid wages owed to Plaintiffs and all other similarly situated workers employed by Defendants.

11.     Plaintiff Kiper also brings certain individual claims against Defendants resulting from his termination, as set forth below.

12.     Defendant City Wide provides cleaning services and related tasks for different businesses and commercial entities in the Kansas City, Missouri area and statewide through a contracting and management relationship with partners and subcontractors, such as Defendant One Way, to provide those services for its customers.

13.     Defendant One Way, in turn, has throughout the class period, employed hundreds of employees in the Kansas City, Missouri area, who are or were paid an hourly wage, and who actually perform the cleaning services and related tasks for Defendant City Wide's customers. Nearly all of these employees are minorities, and many of them speak little English and are unaware of their rights under state and federal law and/or are, for various reasons, afraid to enforce their rights under state or federal law.

14.     The representative Plaintiffs and members of the putative class and collective received their paychecks and/or the payment of cash wages from Defendant One Way. Defendant City Wide, in turn, receives payment for the services performed by Plaintiffs and members of the putative class and collective for its customers, directly from its customers.

3

## DEFENDANTS ARE JOINT EMPLOYERS OF PLAINTIFFS, THE CLASS AND THE COLLECTIVE

15. Defendants One Way and City Wide are "joint employers" of Plaintiffs and the other similarly situated employees that are within the putative Class as defined by Mo. Rev. Stat. § 290.500(4) and the collective pursuant to 29 U.S.C. § 203(d).

16. Defendants directly or indirectly acted in each other's interests in relation to the employment of Plaintiffs and the other similarly situated class members and the collective.

17. Defendants have a long-term relationship with each other, which permits them to serve the same repeat and long-term customers throughout the Kansas City, Missouri area and which permits them to act as joint employers of Plaintiffs and similarly situated employees.

18. Pursuant to this relationship, Defendant City Wide directly controls and manages its contractual relationship with its commercial and business customers and, in turn, also directly controls and manages the work and performance of its partners and contractors, such as Defendant One Way, including their employees.

19. The Named Plaintiffs were principally stationed at the Independence Center in Independence, Missouri. During the time they worked for Defendants, both of the Plaintiffs were directly informed by representatives of both One Way and City Wide that they both reported to both One Way and City Wide, and that they were both supervised by both One Way and City Wide.

20. Defendant City Wide also had an employee on site daily at the Independence Center and to manage and supervise Plaintiffs' work.

21. Plaintiffs were also required to wear City Wide uniforms and to use equipment and materials supplied by City Wide in the performance of their regular every day work functions.

4

22.     Upon information and belief, pursuant to its bids and its contracts with its customers and with One Way, and in its supervisory role over its contractors, City Wide was able to control the scheduling of Plaintiffs and the absent class members and collective, the rate and method of pay of Plaintiffs and the absent class members and collective, and to hire and fire employees, so that it could maintain compliance with its contracts and come within its bids with its commercial and business customers.

## DEFENDANTS' LIABILITY UNDER STATE AND FEDERAL LAW

23.     Plaintiffs and other similarly situated employees of Defendants were and are non-exempt employees that were and are paid compensation by Defendant on an hourly basis.

24.     Plaintiffs and other similarly situated employees routinely worked more than 40 hours each week for Defendants at various locations in the Kansas City, Missouri area and in other locations.

25.     During their employment, the Named Plaintiffs were not paid overtime for all hours worked for Defendants in excess of 40 hours per week.

26.     In calculating its employees' compensation, Defendants paid its employees at a "straight time" or regular "Hourly Labor Rate," without paying a required overtime premium of one and one-half times such "straight time" or regular "Hourly Labor Rate," resulting in unpaid overtime wages owed to Defendants' employees.

27.     Defendant One Way was the subject of a Department of Labor, Wage and Hour Division Enforcement Action, Case Id. No. 1844533, which made findings in September 2017 that Defendant One Way failed to pay overtime to several employees in violation of the Fair Labor Standards Act.

28.     Defendant One Way was also sued in March 2017 by a former employee, Elmer Gutierrez, in Case No. 1716-CV06066, Circuit Court of Jackson County, Missouri, for its failure to pay overtime wages to its employees in violation of Missouri's Minimum Wage Act. In September 2018, it settled that lawsuit and a collective action after an amendment to the Petition was made to include claims for violations of the Fair Labor Standards Act.

29.     Despite this lawsuit and settlement, and the Department of Labor's Enforcement action, Defendant One Way continued to fail or to refuse to pay its employees, including the Plaintiffs, overtime wages.

30.     Defendant One Way had a standardized policy and practice of failing to pay its employees and workers overtime premiums for hours worked in excess of 40 during relevant work weeks in violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.505(1) and the Fair Labor Standards Act, at 29 U.S.C. § 207.

31.     In addition to simply not paying overtime wages for all hours worked in excess of forty hours per week, Defendant One Way utilized different pay schemes and mechanisms to avoid payment of overtime wages, such as paying its employees, including the Plaintiffs, a combination of hourly wages and a flat rate of pay, through manipulation of and changes in the work week and pay periods, and through patently fraudulent arrangements where it mischaracterized its employees as "supervisors" or "independent contractors" or "subcontractors."

32.     Defendant One Way also manipulated and falsified time records, employees' work schedules and work assignments, including the Plaintiffs, to disguise its failure to pay them overtime wages and to avoid scrutiny of its pay practices.

33.     Defendant City Wide was aware of these practices and policies of Defendant One Way and allowed and encouraged them to persist.

34.     Defendants' practices and policies, in light of the past litigation and the Department of Labor's enforcement action, evidence that Defendants were intentionally and willfully failing to pay overtime wages that were owed to Plaintiffs and all other similarly situated employees in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et. seq*. and Missouri Minimum Wage Law, Mo. Rev. Stat. §§, 290.500 *et seq*.

35.     Defendants refused and failed to pay any overtime to Plaintiffs or the absent Class members until March 2020, when Plaintiff Charles Kiper, as a "whistleblower" under state and federal law, complained to Defendants and informed them that the failure to pay overtime was a violation of state and federal law.

36.     Defendant One Way thereafter issued checks to the Plaintiffs for purported past "overtime wages" that were owed to them, but the amounts paid to them were inaccurate and did not compensate them for all overtime hours or amounts owed, nor did it include the liquidated damages and penalties provided by 29 U.S.C. § 216(b) or Mo. Rev. Stat. § 290.527.

37.     In March 2020, after Plaintiff Charles Kiper made complaints about the failure of Defendants to pay overtime wages, and as a direct and causal consequence of his complaints, Defendants terminated his employment in violation of federal and Missouri law.

38.     Defendants also thereafter discriminated against and retaliated against Plaintiff Lena Powell, as a direct consequence of Plaintiff Charles Kiper's complaints about Defendants' failure to pay overtime wages in violation of the Mo. Rev. Stat. § 290.527, due to her association with Plaintiff Charles Kiper.

## <u>COLLECTIVE AND CLASS ACTION ALLEGATIONS</u>

39.     Plaintiffs bring Count I, the FLSA claim, as an "opt-in" collective action pursuant to 29 U.S.C. § 216(b) on behalf of all persons within the definition below:

> All persons who were nominally employed by Defendant One Way for the three year period preceding the filing date of this lawsuit, who were paid on an hourly basis, and who were not paid overtime wages for all hours worked in excess of forty hours per week for Defendants.

40.     Plaintiffs seek relief in Count I on a collective basis challenging, among other FLSA violations, Defendants' practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation. The number and identity of other Plaintiffs yet to opt-in and consent to be party Plaintiffs may be determined from the records of Defendants, and potential class members may easily and quickly be notified of the pendency of this action.

41.     Plaintiffs bring Counts II (Missouri Minimum Wage Law), as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and as representatives of the following class:

> All persons who were nominally employed by Defendant One Way for the three year period preceding the filing date of this lawsuit, who were paid on an hourly basis, and who were not paid overtime wages for all hours worked in excess of forty hours per week for Defendants.

42.     In addition, Plaintiffs bring Count III (unjust enrichment) as a class action pursuant to Federal Rule of Civil Procedure 23, on behalf of themselves and as representatives of the following class:

> All persons who were nominally employed by Defendant One Way for the five year period preceding the filing date of this lawsuit, who were paid on an hourly basis, and who were not paid overtime wages for all hours worked in excess of forty hours per week for Defendants.

43.     Excluded from the Classes are any persons who are determined to have released their claims against Defendant One Way as a result of the settlement in Case No. 1716-CV06066, Circuit Court of Jackson County, Missouri, but only up to the date and amount of the release of those claims.

44.     The FLSA claims may be pursued by those who opt-in to this case, pursuant to 29 U.S.C. § 216(b). The state law claims, if certified for class-wide treatment, may be pursued by all similarly-situated persons who do not opt-out of the class.

45.     Plaintiffs are members of the proposed Class and collective.

46.     The Class members are so numerous that individual joinder of all members is impractical. The exact number of Class members is unknown to Plaintiff at this time but is estimated to exceed hundreds of current and former employees. Each of the particular members of the Class is, however, ascertainable and readily identifiable using objective criteria from the information and records in the possession or control of Defendants One Way and/or City Wide and/or each of the particular members of the Class are capable of being described without difficult managerial or administrative problems. Defendants are required to maintain these records pursuant to both state and federal law.

47.     There are questions of law and fact common to the Class, which questions predominate over any questions affecting only individual members of the Class, and, in fact, the wrongs suffered and remedies sought by Plaintiffs and the other members of the Class are identical and premised upon an illegal course of conduct perpetrated by Defendants. The only difference between the Class Members' claims is the exact monetary amount to which each member of the Class is entitled. That amount is formulaic and consists of the sum of the overtime wages and liquidated damages owed to each of the Class members.

48.     The principal common issues may include, but are certainly not limited to, the following:

a.      Whether One Way routinely failed to pay its employees overtime wages as a standardized or regular practice;

b.      Whether One Way's pay policies and practices violate the Class members' right to overtime pay under the Fair Labor Standards Act and Missouri Minimum Wage Law;

c.      Whether One Way willfully failed to pay its employees overtime wages following the Department of Labor's enforcement action;

d.      Whether One Way willfully failed to pay its employees overtime wages following the class action lawsuit and settlement in Case No. 1716-CV06066;

e.      Whether Defendant One Way utilized different payment schemes and mechanisms, including misclassifications of its employees, to avoid payment of overtime wages;

f.      Whether Defendant One Way manipulated and falsified time records, employees' work schedules and work assignments, to disguise its failure or refusal to pay overtime wages;

g.      Whether Defendants failed to keep accurate records of the actual time the class members spent working for them;

h.      Whether Defendant City Wide is liable to the Class members as a "joint employer" with Defendant One Way;

      i.     Whether Defendants willfully violated the Fair Labor Standards Act and/or Missouri's Minimum Wage Law; and

      j.     The nature and extent of all wages, liquidated damages and other penalties owed to Plaintiffs and the Class.

49.    Plaintiffs' claims are typical of those of the Class Members and are based on the same legal and factual theories. Plaintiffs do not have any interests that are adverse to the Class Members or any conflicts of interest, material or otherwise, with the Class Members.

50.    Plaintiffs will fairly and adequately represent and protect the interests of the Class. Plaintiffs have suffered economic injury in their own capacity from the practices complained of and are ready, willing and able to serve as class representative.

51.    Moreover, the undersigned counsel is experienced in handling class actions and actions involving unpaid wages and violations of Missouri statutes. Neither Plaintiffs nor their counsel have any interest that might cause them not to vigorously pursue this action.

52.    Certification of the Class under Federal Rule 23(b)(3) as defined above is appropriate in that Plaintiffs and the Class members seek monetary damages, common questions predominate over any individual questions, there will be no difficulty in the management of this litigation as a class action, and a plaintiff class action is superior for the fair and efficient adjudication of this controversy.

53.    A plaintiff's class action will cause an orderly and expeditious administration of Class members' claims and economies of time, effort and expense will be fostered, and uniformity of decisions will be ensured. Moreover, the individual class members are likely to be unaware of their rights and not in a position (either through experience or financially) to commence individual litigation against the likes of Defendants.

## CLAIMS FOR RELIEF

## COUNT I
### Violation of the Fair Labor Standards Act of 1938
### On Behalf of Plaintiffs and the Collective against Defendants

54.     Plaintiffs incorporate by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

55.     At all times material herein, Plaintiffs have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §§ 201, *et. seq*.

56.     As set forth above, Defendants are both "employers" and/or the "joint employers" of the Plaintiffs and the collective as defined by 29 U.S.C. § 203(d).

57.     The FLSA regulates, among other things, the payment of minimum wage and overtime pay by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. §§ 206, 207(a)(1).

58.     Defendants were, and are, subject to the recordkeeping, minimum wage and overtime pay requirements of the FLSA because they are enterprises engaged in commerce and their employees are engaged in commerce.

59.     Defendants violated the FLSA by failing to pay their workers for all of their time worked, including overtime.

60.     In the course of perpetrating these unlawful practices, Defendants have also willfully failed to keep accurate records of all hours worked by their employees in violation of 29 U.S.C. § 211(c) and 29 C.F.R. § 516.2. Indeed, Defendants utilized various techniques, schemes and mechanisms described above that were designed to avoid payment of overtime wages and to conceal their failure and/or refusal to pay overtime wages.

12

61.     Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from overtime pay obligations. None of the FLSA exemptions apply to Plaintiffs or other similarly situated employees. Accordingly, Plaintiffs and all other similarly situated employees must be paid overtime pay in accordance with the FLSA.

62.     Plaintiffs and all similarly situated employees are victims of a uniform and facility-wide compensation policy and practice. This uniform policy and practice, in violation of the FLSA, has been applied to Plaintiffs and all similarly situated employees.

63.     Plaintiffs and all similarly situated employees are entitled to damages equal to the mandated minimum wage and/or overtime premium pay within the three years preceding the filing of this Complaint, plus periods of equitable tolling, because Defendants acted willfully and knew, and/or showed reckless disregard of whether, their conduct was prohibited by the FLSA.

64.     As set forth above, Defendants have not acted in good faith nor with reasonable grounds to believe their actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiffs and other similarly situated employees are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

65.     Alternatively, should the Court find Defendants did not act willfully in failing to pay wages, Plaintiffs and all similarly situated employees are entitled to an award of prejudgment interest at the applicable legal rate.

66.     As a result of the aforesaid willful violations of the FLSA, minimum wage and/or overtime compensation has been unlawfully withheld by Defendants from Plaintiffs and all similarly situated employees for which Defendants are liable pursuant to 29 U.S.C. § 216(b), together with an additional equal amount as liquidated damages, pre-judgment and post-judgment

interest, and reasonable attorneys' fees and costs of this action.

## COUNT II
### Violation of Missouri's Minimum Wage Law (Mo. Rev. Stat. § 290.500 et seq.)
### On Behalf of Plaintiffs and the Putative Class against Defendants

67.     Plaintiffs incorporate by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

68.     At all times material herein, Plaintiffs and all others similarly situated have been entitled to the rights, protections, and benefits provided under Mo. Rev. Stat. §§ 290.500, *et seq.*

69.     Plaintiffs bring this claim for Defendants' violations of the Missouri Minimum Wage Law as a class action pursuant to Rule 23(b)(3) on behalf of themselves and as the representatives of the putative class defined above.

70.     At all relevant times, Defendants have been Plaintiffs' and the putative class members' "employers" within the meaning of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.500(4).

71.     At all relevant times, Defendants have employed, and continues to employ, "employees," within the meaning of Mo. Rev. Stat. § 290.500(3), including the Plaintiffs and all other similarly situated putative class members.

72.     Plaintiffs and the class of other similarly situated employees were treated as non-exempt employees by the Defendants under the Missouri Wage statutes.

73.     Plaintiffs and the individual members of the Class routinely worked in excess of forty (40) hours per week.

74.     The Missouri wage laws require each covered employer, such as Defendants, to compensate all non-exempt employees for services performed at the proper rate of pay and to

14

compensate them at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty hours in a work week.

75.    At all relevant times, Defendants have had a standardized policy and practice of failing to pay putative Class Members overtime premiums for hours worked in excess of 40 during relevant work weeks in violation of the Missouri Minimum Wage Law, Mo. Rev. Stat. § 290.505(1).  The employees working for Defendants are similarly situated in that they were, pursuant to Defendants' regular and standardized procedures, not paid overtime wages.

76.    Defendants also failed to maintain accurate records of the time worked by each employee as required by Mo. Rev. Stat. § 290.520 and utilized various techniques, schemes and mechanisms described above that were designed to avoid payment of overtime wages and to conceal their failure and/or refusal to pay overtime wages.

77.    Defendants failed to compensate Plaintiffs and the class members at the proper rate of pay, and therefore, Defendants have violated, and continue to violate, Missouri's Minimum Wage Act, at Mo. Rev. Stat. §§ 290.500, *et. seq.*

78.    Defendants' practices and policies have resulted in Defendant willfully failing to pay overtime wages due and owing to Plaintiff and all other similarly situated employees in violation of Missouri's Minimum Wage Law.

79.    Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose the class, seek damages in the amount of all unpaid overtime wages, and straight time plus liquidated damages, equal to the "full amount of the wage rate and an additional amount equal to twice the unpaid wages as liquidated damages, less any amount actually paid to the employee by the employer" as provided by the Missouri Minimum Wage Law at Mo. Rev. Stat. § 290.527, and such legal and equitable relief as the Court deems just and proper.

80. Plaintiffs, on behalf of themselves and all similarly situated employees of Defendants who compose the class, also seek recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by law at Mo. Rev. Stat. § 290.527.

## COUNT III
### Unjust Enrichment
**On Behalf of Plaintiffs and the Putative Class against Defendants**

81. Plaintiffs incorporate by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

82. Plaintiffs conferred a benefit upon Defendants by working on their behalf without compensation and the payment of overtime compensation that was owed to them under state and federal law.

83. Defendants had an appreciation or knowledge of the benefit conferred by Plaintiffs.

84. Defendants accepted and retained the benefit under such circumstances as to make it inequitable for Defendants to retain the benefit without payment of its value.

## COUNT IV
### Wrongful Termination in Violation of Public Policy
**Plaintiff Charles Kiper against Defendants**

85. Plaintiffs incorporate by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

86. On or about March 4, 2020, Plaintiff Charles Kiper made a complaint to his supervisors, Edward Yerington and Julian Rodriguez, who were employed by Defendants, concerning their pay practices, including their failure to pay overtime to him and other employees, including Plaintiff Powell.

87. Plaintiff's complaint constituted protected activity under the Fair Labor Standards Act.

88.     In response to Plaintiff's complaints, Defendants retaliated against Plaintiff and terminated his employment in violation of the Fair Labor Standards Act at 29 U.S.C. § 215(a)(3).

89.     Plaintiff's report to his supervisors directly contributed to his discharge and was a clear motivating factor for the discharge.

90.     As a result of Defendants' unlawful and retaliatory conduct, as set forth above, Plaintiff Kiper incurred damages and seeks all legal and equitable relief permitted by 29 U.S.C. § 216(b).

**COUNT V**
**Wrongful Termination in Violation of Public Policy**
**Plaintiff Charles Kiper against Defendants**

91.     Plaintiffs incorporate by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

92.     Plaintiff Kiper asserts a claim for violations of Missouri's Whistleblower's Protection Act, at Mo. Rev. Stat, § 285.575.

93.     On or about March 4, 2020, Plaintiff Charles Kiper reported serious misconduct that constituted a violation of state and federal laws and of well-established and clearly-mandated public policies to his direct supervisors, Edward Yerington and Julian Rodriguez, at Defendant One Way, his employer.

94.     Defendants subsequently terminated Plaintiff Charles Kiper.

95.     Plaintiff's report to his supervisors directly contributed to his discharge and was a clear, direct, and motivating factor for the discharge.

96.     The conduct of Plaintiff's employer was outrageous because of the Defendants' evil motive and reckless indifference to Plaintiff's rights and to the rights of other employees,

including the putative class members, such that Plaintiff is entitled to and seeks double the amount owed to him as back pay pursuant to Mo. Rev. Stat. § 285.575.

97.     Plaintiff also seeks recovery of all court costs and reasonable attorney's fees, as provided by law at to Mo. Rev. Stat. § 285.575.

**COUNT VI**
**Violation of Mo. Rev. Stat. § 290.140 – Service Letter Statute**
**Plaintiff Charles Kiper against Defendant One Way**

98.     Plaintiffs incorporate by reference the statements and allegations contained in the above paragraphs as though more fully and completely set forth herein.

99.     Plaintiff was employed by Defendant One Way for over 90 days.

100.    Defendant One Way employed in excess of seven employees.

101.    On March 12, 2020, following his termination, Plaintiff Kiper sent to Defendant One Way, including his supervisor, Julian Rodriguez, and to the Human Resources Manager, a letter requesting a "service letter" pursuant to Mo. Rev. Stat. § 290.140.

102.    Defendant One Way failed to respond to the service letter and violated Mo. Rev. Stat. § 290.140.

103.    As a direct result of Defendant One Way's violation of Mo. Rev. Stat. § 290.140, Plaintiff Kiper has sustained damages, including garden variety anxiety, distress, agitation and other negative emotional harm.

104.    Defendant One Way's deliberate violation of Mo. Rev. Stat. § 290.140 was intentional, vindictive and done without just cause or excuse because of Defendants' hostility directed towards Mr. Kiper as a result of his complaints about Defendants' pay practices and also, his complaints about the discriminatory treatment by Defendants that was directed towards him and Plaintiff Lena Powell on account of their race and national origin. Specifically, Plaintiffs had

complained about Defendants' discrimination against the few Caucasians who are employed by Defendants. Therefore, Plaintiff is entitled to punitive damages from Defendant One Way, to punish Defendant One Way and to deter Defendant One Way and others from similar conduct.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, and all similarly situated employees, including the putative class and the collective, demand judgment against Defendants and pray as follows:

a. Declaring and conditionally certifying a class pursuant to the provisions of the Fair Labor Standards Act on behalf of the proposed collective defined above and ordering the prompt issuance of notice to all putative class members, apprising them of the pendency of this action for the claim that Defendants have violated the overtime pay provisions of the Fair Labor Standards Act;

b. Declaring and certifying this action as an action on behalf of the proposed class members and ordering the prompt issuance of notice to all class members, apprising them of the pendency of this action for the claims that Defendants have violated the overtime pay provisions of the Missouri Minimum Wage Law and Missouri state law;

c. Designation of Plaintiffs as the class representatives for all claims;

d. Designation of the Hodes Law Firm, LLC as counsel for the collective and as class counsel;

e. Declaring and determining that Defendants have violated the Fair Labor Standards Act and the Missouri Minimum Wage Law by failing to properly pay overtime wages due to the Plaintiff and other members of the class;

f. Entering judgment in favor of Plaintiffs and the class and against Defendant for amounts respectively due Plaintiffs and other employees of Defendants' similarly situated for unpaid overtime wages;

g. Awarding Plaintiffs and the members of the collective and class the statutory penalty of liquidated damages under 29 U.S.C. § 216(b);

h. Awarding Plaintiffs and the members of the class the statutory penalty of liquidated damages under Mo. Rev. Stat. § 290.527;

i. Awarding Plaintiff Kiper the statutory penalty of liquidated damages under the Fair Labor Standards Act under 29 U.S.C. § 216(b), for violations of 29 U.S.C. § 215(a)(3);

j. Awarding Plaintiff Kiper the statutory penalty of liquidated damages under Mo. Rev. Stat. § 285.575, for violations of Missouri's Whistleblower's Protection Act, at Mo. Rev. Stat, § 285.575;

k. Awarding costs and expenses of this action incurred herein, including reasonable attorneys' fees and expert fees as provided in 29 U.S.C. § 216(b) and Mo. Rev. Stat. § 290.527 and § 285.575;

l. A finding that Defendant One Way violated Mo. Rev. Stat § 290.140;

m. For an award of nominal, actual and compensatory damages for costs expended; and for punitive damages for the violations of Mo. Rev. Stat § 290.140;

n. Pre-Judgment and Post-Judgment interest, as provided by law; and

o. Any and all such other and further legal and equitable relief as this Court deems necessary, just and proper.

## **DEMAND FOR JURY TRIAL**

Plaintiffs hereby request trial by jury of all issues triable by jury.

Dated: August 12, 2020                Respectfully Submitted,

HODES LAW FIRM, LLC

*By:* _____

Garrett M. Hodes - Mo. Bar. #50221
900 Westport Road, 2nd Floor
Kansas City, Missouri 64111
(816) 931-1718 (Phone)
(816) 994-6276 (Fax)
garrett@hodeslawfirm.com

**ATTORNEY FOR PLAINTIFFS AND THE
PUTATIVE CLASS**

**EXHIBIT 1**

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U S C § 216(b)

I hereby consent to be a party plaintiff seeking unpaid wages against One Way Cleaning Co., Inc., City Wide Maintenance Co., Inc. and any related entities in this or any other subsequent action. For purposes of pursuing my unpaid wage claims against One Way Cleaning Co., Inc., City Wide Maintenance Co., Inc. and any others I choose to be represented by the Hodes Law Firm, LLC and any other attorneys with whom they may associate.

Printed Name: Charles Kiper

## CONSENT TO BECOME A PARTY PLAINTIFF

Fair Labor Standards Act of 1938, 29 U S C § 216(b)

I hereby consent to be a party plaintiff seeking unpaid wages against One Way Cleaning Co., Inc., City Wide Maintenance Co., Inc. and any related entities in this or any other subsequent action. For purposes of pursuing my unpaid wage claims against One Way Cleaning Co., Inc., City Wide Maintenance Co., Inc. and any others I choose to be represented by the Hodes Law Firm, LLC and any other attorneys with whom they may associate.

Printed Name:  Lena Powell